## PennDOT v. Reichbaum

*Kathryn Linn-Stevenson, assistant counsel,* for PennDOT.
*Dennis V. Williams,* for defendant.

LEVIN, *J.,* January 29, 1992—This matter is before the court on the petitioner's appeal of a license suspension by the Commonwealth. There is no dispute in the facts. At the time of hearing, the Commonwealth of Pennsylvania, Department of Transportation offered into evidence a certified copy of the driving record of Richard A. Reichbaum Jr. (hereinafter petitioner). These documents showed the following facts regarding the petitioner's driving history. On December 7, 1988, petitioner violated section 3362 (speeding) of the Vehicle Code. 75 Pa.C.S. §3362. As a consequence, the department assigned two points to petitioner's driving record. Due to prior point assignments, petitioner's driving record showed a total of seven points. This accumulation of seven points necessitated that petitioner attend a departmental hearing pursuant to section 1538 of the Vehicle Code. 75 Pa.C.S. §1538.

Pursuant to section 1538, the department suspended petitioner's license, effective May 24, 1989, for a period of 30 days. Petitioner served this suspension and his license was subsequently restored on July 28, 1989. As mandated by section 1545 of the Vehicle Code, upon

restoration, petitioner's driving record showed five points. 75 Pa.C.S. §1545. The statute reads in relevant part:

"Upon restoration of any person's operating privilege which has been suspended or revoked pursuant to this subchapter, such person's record shall show five points...." 75 Pa.C.S. §1545.

Thereafter, on March 20, 1990, petitioner again violated section 3362 (speeding) and four additional points were assigned to his operator's record. Petitioner's points then totaled nine, thus requiring him to attend another departmental hearing pursuant to section 1538. As a result of the hearing, petitioner received another 30-day suspension.

The issue before the court is the petitioner's contention that between the violation dates of December 7, 1988, and March 20, 1990, three points should have been removed from his record for one year of violation-free driving pursuant to 75 Pa.C.S. §1537. In claiming this, the petitioner wishes to include the time his license was suspended. This contention is without merit. A motorist whose operating privileges are suspended or revoked should not be able to earn credit for purposes of section 1537 for that time period during which he was unable to drive because of his suspension. Therefore, the petitioner in the instant case would not begin to earn credit for his violation-free year until July 28, 1989, when his operating privilege was restored. To rule otherwise would be absurd. The statute has to be construed to assume that no one should get credit if in fact he is unable to operate his vehicle by virtue of a suspension. In so holding, the court relies in part on 1 Pa.C.S. §1922(1) which states "[t]hat the General Assembly does not intend a

result that is absurd, impossible of execution or unreasonable." The position of the petitioner in this case is not only absurd but unreasonable. He should not benefit by virtue of his previous acts. The only logical assumption this court can make is that the time period could only be computed when the petitioner was legitimately licensed or in the possession of a license.

Therefore, for the reasons set forth in this opinion, the appeal in the above case is dismissed.

## ORDER

And now, January 24, 1992, it is hereby ordered, adjudged and decreed that the appeal filed by the petitioner in the above case is dismissed.